IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLOS LOPEZ MORALES, ) | |
|     Petitioner, ) | |
| ) | Civil Action No. 7:18-cv-00323 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DAVID ZOOK, ) |     United States District Judge |
|     Respondent. ) | |

MEMORANDUM OPINION

Carlos Lopez Morales, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,[1] challenging his criminal judgment entered by the Circuit Court for Floyd County on May 31, 2016. This matter is before the court on respondent's motion to dismiss (Dkt. No. 15; *see also* Dkt. No. 27 (supporting brief).) Morales was notified of his opportunity to respond, but he has not filed anything in response to the motion to dismiss. After reviewing the record, the court will grant the motion and dismiss the petition as time barred.

On May 31, 2016, Morales pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute a schedule I or II substance. (Case No. CR15-213; *see* Plea Agreement, Dkt. No. 7 at 160–63.)[2] The Floyd County Circuit Court accepted his guilty plea, (Dkt. No. 7 at 164), and it sentenced him to a total of 25 years' incarceration with 13 years suspended, which was significantly higher than his advisory guideline range. (May 31, 2016 Sentencing Order, Dkt. No. 7 at 68–69.) Morales did not appeal.

Morales filed a timely petition for writ of habeas corpus in the Supreme Court of

---

[1] The court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2] Where possible, cites herein are to Morales's amended petition (Dkt. No. 7), which contains portions of the state court records. Complete copies of the state court records are on file with the Clerk. (Dkt. Nos. 22, 23, 25.)

Virginia. (Dkt. No. 7 at 32–56.) Although the record is not clear as to the exact filing date, the court uses the earliest possible filing date—May 11, 2017—which is the most beneficial to him.[3] Virginia's Supreme Court granted the respondent's motion to dismiss and dismissed Morales's petition on November 17, 2017. (Dkt. No. 7 at 142–44.)

Morales's first petition in this court was signed on June 14, 2018, and the court treats it as filed on that date. That petition used an improper form, however, and incorrectly named the United States as a respondent. (Dkt. No. 1.) On October 4, 2018, Morales filed an amended petition (Dkt. No. 7). *See* R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A)–(D); R. Gov. § 2254 Cases 3(c).

> This statute of limitations runs from the latest of:
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Morales alleges nothing to support application of § 2244(d)(1)(B)–(D).

Under § 2244(d)(1)(A), Morales's conviction became final, and the statute of limitations

---

[3] Morales signed his state petition, and it is notarized, but the date on the petition itself is blank. (Dkt. No. 7 at 39.) He completed his accompanying *in forma pauperis* application on May 11, 2017. (*Id.* at 40.) He certified that he mailed the petition to the respondent on May 23, 2017. (*Id.* at 41.) Both the petition and his supporting memorandum were received by the Supreme Court of Virginia on May 25, 2017. (*Id.* at 32, 42.)

began to run, when his thirty-day period to file an appeal to the Court of Appeals of Virginia expired on June 30, 2016. *See* Va. S. Ct. R. 5A:6 (providing that a defendant has thirty day after entry of judgment to note an appeal). Therefore, Morales had until June 30, 2017, to file a timely federal habeas petition. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (explaining calculation, as affected by Fed. R. Civ. P. 6(a)).

Morales filed his state petition on May 11, 2017; at that time, 315 days of the federal statute of limitations had run. The running of the federal statutory period is tolled while a properly filed state habeas corpus proceedings is pending. *See* 28 U.S.C. § 2244(d)(2). Thus, his limitations period was tolled until the Supreme Court of Virginia refused his petition for appeal on November 17, 2017. At that point, he had fifty days left to file his federal petition. He did not file his first petition in this case until June 14, 2018,[4] which was almost seven months later and obviously far longer than fifty days. As calculated under § 2244(d)(1)(A), then, his petition is not timely.

Accordingly, Morales's petition is time barred unless he demonstrates that he is entitled to equitable tolling, *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003), or that he is actually innocent of his conviction, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). He does not advance a claim of actual innocence. Instead, Morales argues in his petition that he is entitled to equitable tolling because he "does not know anything about the law." (Pet. at 13 & Br. Support Pet. at 9, Dkt. No. 7 at 13, 24.) He also states that he "has relied on the advice of incompetent others," that he "is Latin and not familiar with the law" and that "he has been pursuing his rights from the start." (Br. Support Pet. at 9, Dkt. No. 7 at 24.)

Equitable tolling is proper only in "those rare instances where—due to circumstances

---

[4] Respondent asks the court to utilize the filing date for Morales's amended petition, rather than the filing date for his original petition in this court. (Dkt. No. 26 at 3.) Because Morales's petition is untimely even under the earlier filing date, the court need not address this contention.

external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F.3d at 246 (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control prevented him from complying with the statutory time limit," despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330. An inmate asserting equitable tolling "bears a strong burden to show specific facts" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Morales's lack of knowledge about the law is not a basis for equitable tolling, nor is his *pro se* status. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (denying equitable tolling and explaining that a *pro se* petitioner's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control"). His assertion that he relied on incompetent others is vague, and he does not offer any explanation as to how that reliance establishes an entitlement to tolling. Most significantly, he has not alleged, let alone shown, that any action by the Commonwealth or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit. *See Harris*, 209 F.3d at 330. Thus, he is not entitled to equitable tolling. His petition is time barred and will be dismissed.

An appropriate order will be entered.

Entered: September 24, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge